UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick R. Harrison, #595325, <br> *aka Peter Lloyd Thomas,* <br> *aka Peter L. Thomas*, <br><br>                       Plaintiff, <br><br> vs. <br><br> United States Attorney General; <br> Homeland Security; <br> Immigration and Customs Enforcement, ICE; <br> South Carolina Attorney General; <br> Richland County Solicitor; <br> Richland County Public Defender; and <br> Alvin S. Glenn Detention Center, <br><br>                       Defendant. | ) C/A No.: 4:11-21-JFA-TER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

      This matter has been filed pursuant to 28 U.S.C. § 2241 by a pre-trial detainee proceeding *pro se.*[1] Petitioner is detained at the Alvin S. Glenn Detention Center in Columbia, South Carolina. The Complaint names the United States Attorney General, the

---

[1] Plaintiff also raises issues pertaining to the conditions of his confinement, including, but not limited to, no access to the law library, no access to the courts, and an allegation that he was removed from the United States after a diagnosis of spinal stenosis. These types of claims are typically raised in a civil rights complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). Since Petitioner seeks release from custody, the undersigned is treating this pleading as one filed pursuant to 28 U.S.C. § 2241. It is noted that Petitioner currently has a pending case in this Court pertaining to his conditions of confinement. *See Harrison v. United States Attorney General*, Civil Action No.: 4-11-71-JFA-TER (D.S.C. 2011). This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Department of Homeland Security, Immigration and Customs Enforcement (ICE), the Attorney General of South Carolina, the Solicitor of Richland County, the Richland County Public Defender, and the Alvin S. Glenn Detention Center as Defendants. Petitioner has been charged with "manufacturing DVD's." He seeks, among other things, to be released from custody. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Background**

Petitioner legally immigrated to the U.S. from Jamaica in 1968 when he was five (5) years old. He was ordered to be deported in 1994 but alleges was not deported until 1999. He states he was not provided with a hearing in 1999, prior to his deportment, to review any mitigating factors which may have occurred during the years between the entry of the deportation order and his actual deportation, and he claims "Jamaica has no formal means of challenging unconstitutional deportations of its citizens." Furthermore, Petitioner claims he was not present at the original deportation hearing in 1994 and was not provided with counsel, "who may've informed him of his eligibility for a 212(c) waiver of deportation." He claims the grounds for deportation were "inapplicable" because his "1982 and 1988 convictions took place prior to the passing of the AEDPA." He further states that the 1982 conviction was a plea bargain under the YOA and that he was not informed his "plea bargain could have a future negative impact on his future immigration status." Petitioner claims "Section 2244 does not bar [his] petition because [he] was not present at [his] 1994 deportation hearing."

Petitioner states he was unable to find work or housing in Jamaica after his

deportation in 1999 due to the stigma attached to deportation. Petitioner then created an alias, "Peter Thomas," in order to survive in Jamaica where he alleges he was without family, work history or finances "after 31 years of never having step foot there."

Petitioner apparently returned to the U.S. in 2005. Petitioner claims an order for his deportation was stayed by a New York District Judge in June 2005.

In February 2006 Petitioner alleges that ICE agents unlawfully removed him from the country in violation of the stay order. Petitioner maintains he was detained at the Freehold, New Jersey Detention Center waiting for a ruling from the 4th Circuit when he was placed on a plane. According to the Petition, excessive force was used against Petitioner to make him sign a voluntary removal agreement. Upon arriving in Jamaica, Petitioner states he was given a $20.00 bill.

It is not clear when Petitioner returned to the United States. In 2010, Petitioner alleges that ICE agents and the Columbia Police Department conspired against him in violation of his rights to due process when the ICE agents "convinced" the Columbia Police Department to obtain a search warrant using a "false" affidavit. In short, Petitioner believes ICE agents provided a "tip" to the Columbia Police. Petitioner states that "any warrant that fails to reflect ICE's participation is therefore deemed defective and is inadmissable." He also claims that the State can not use any evidence seized pursuant to the (allegedly false) warrant. Petitioner has filed a motion to act *pro se* in state court, even though he is represented by an Assistant Public Defender from Richland County. He claims his attorney was not present at his preliminary hearing, and has not filed any motions on his behalf. As such, Petitioner believes that his attorney's inaction merits collateral review of the legal assistance provided to him.

Petitioner maintains we have jurisdiction to determine if ICE and the Columbia Police Department conspired to violate his due process rights. He wishes to confront and depose ICE agents.

At some point in time, Petitioner was incarcerated in Virginia. He states his deportation order led to a negative prison classification and also impacted his parole reviews. Petitioner states he was denied parole seven (7) times by the Virginia Parole Board. Petitioner claims this is an 8th amendment violation.

In his prayer for relief, Plaintiff wants his "legal permanent resident" status returned to him, deeming the original deportation order or the February 2006 removal from the United States unconstitutional. He asks to be released from "ICE Detainer or Custody", and asks that his deportation be stayed "pending a final decision." He further asks for a hearing to determine if ICE conspired with the Columbia Police Department. He asks for a "cease and desist"order against the State in any further prosecution, and a return of "all items confiscated in association with Petitioner's arrest." He asks that we require the State to recognize his *pro se* motion, filed in state court. He would like this Court to "order all parties to cease & desist in the use of the name Peter Thomas" to reflect that the police department knew he was actually Patrick Harrison prior to his arrest. He also asks to be released on his own recognizance so he may utilize a law library.

**Standard of review**

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

**I.** *Challenges to 1994 and 2006 deportations*

To the extent that the Petitioner seeks to have his 1994 and/or 2006 deportations declared invalid, District Courts have been stripped of their ability to hear cases that involve the removal of an alien. *See Aguiar ex rel. Wargo v. Mukasey*, 547 F. Supp. 2d 182 (D. Conn. 2008)(citing to 8 U.S.C. § 1252(b)(9)). That statutory provision says in part: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

The Mukasey Court said that 1252(b)(9) was: "'designed to consolidate and channel review of all legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals.... In enacting section 1252(b)(9), Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings.'). The law further provides that a direct appeal to the court of appeals is 'the sole and exclusive means for judicial review of an order of removal....' 8 U.S.C. § 1252(a)(5)."

Additionally, the "Real ID" Act, Pub.L.No. 109-13, 119 Stat. 240 (2005), which is codified at 8 U.S.C. § 1252(a)(5), contains a provision similar to the one noted above. *See Tsimmer v. Gantner*, 550 F. Supp. 2d 438 (S.D.N.Y. 2008)(collecting cases: "In light of the

Real ID Act's broad language, the Second Circuit and its district courts have consistently held that courts lack jurisdiction to consider challenges to administrative orders of removal, deportation, and exclusion, however they are presented"). Consequently, these allegations should be dismissed for lack of jurisdiction.

## II. *Challenge to 2010 detainment for pending state charges*

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 19 S.Ct. 119 (1898); *Taylor v. Taintor*, 83 U.S. 366, 1872 WL 15393 (1873); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

Furthermore, a state-prisoner must exhaust his available state-remedies by presenting his federal-constitutional claim to the state courts as a condition-precedent to seeking federal

habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827 (1973). If the petitioner is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *Castille v. Peoples*, 489 U.S. 346, 101 S.Ct. 1056 (1989). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 101 S.Ct. 1056 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, this claim should be dismissed for failure to exhaust state remedies, and also based on the principles enunciated in *Younger*.

**III.** ***Challenge to prior "negative" prisoner classification while incarcerated in Virginia***.

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonell*, 418 U.S. 539, 558-562 (1974). There is no constitutional right for a state or federal prisoner to be housed in a

particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975), Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases).

Furthermore, Petitioner is no longer in the custody of the State of Virginia. Consequently, any challenge to his prior classification would be moot.

**IV.** *Challenge to denial of parole while incarcerated in Virginia*.

Incarcerating an inmate after the expiration of his sentence can violate the Eighth Amendment, but only when done intentionally or with deliberate indifference to an inmate's rights. *Sample v. Diecks,* 885 F.2d 1099, 1109-10 (3d Cir.1989). When parole grants are not mandatory, but rather committed to the discretion of a parole agency, denial of parole does not constitute cruel and unusual punishment. *Lustgarden v. Gunter,* 966 F.2d 552, 555 (10th Cir.1992); *see also Franklin v. Reilly,* No. 1:08CV82, 2009 WL 86550, *3 (N.D. W. Va. Jan 9, 2009) (denying Eighth Amendment claim based on parole denial where parole board's decision was discretionary and prisoner was not held beyond termination of sentence). Furthermore, any claim in this regard, if viable, would be proper in Virginia where a Court could exercise personal jurisdiction over the defendants.

**Recommendation**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* The Anti-Terrorism and Effective Death Penalty Act of 1996.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 24, 2011
Florence, South Carolina

### *The petitioner's attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins.*

*Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).