UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patrick R. Harrison, | ) | C/A No. 4:11-21-JFA-TER |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| United States Attorney General; Homeland | ) | |
| Security; Immigration and Customs | ) | |
| Enforcement, ICE" South Carolina Attorney | ) | |
| General; Richland County Solicitor; | ) | |
| Richland County Public Defender; and Alvin | ) | |
| S. Glenn Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Patrick R. Harrison, is a pretrial detainee at the Alvin S. Glenn

Detention Center.  He brings this action under 28 U.S.C. § 2241 seeking release from custody

and raising issues pertaining to the conditions of his confinement.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

Recommendation and opines that the complaint fails to state a claim upon which relief may

be granted and should be dismissed.  The Report sets forth in detail the relevant facts and

standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on February 24, 2011.  However, the plaintiff failed to file objections and the deadline within which to do so has expired.[2]  In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge correctly opines, the plaintiff's request to have his 1994 and 2006 deportations as an illegal alien declared invalid is not reviewable by this court.  *Aguiar ex rel. Wargo v. Mukasey*, 547 F.Supp. 2d (D. Conn. 2008) (*citing* 8 U.S.C. § 1252(b)(9)).  Plaintiff's challenge to his 2010 detainment for pending state criminal charges is also outside of this court's purview as federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Finally, plaintiff's challenges to his prisoner classification and denial of parole while incarcerated in Virginia are moot because he is no longer in the custody of the State of Virginia.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law and it is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

---

[2] On March 3, 2011, the copy of the Report mailed to the plaintiff was returned to the Clerk by the United States Postmaster marked "Undeliverable."  The plaintiff had previously been advised that he must keep the court apprised of his address changes or face possible dismissal of his action.

3

IT IS SO ORDERED.

March 24, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge